J-S18023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              : PENNSYLVANIA
                                              :
           v.                                 :
                                              :
                                              :
                                              :
KEVIN COMBS                                   :
                                              :
           Appellant                          : No. 749 MDA 2024

Appeal from the Order Entered May 8, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000304-2023

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                **FILED: AUGUST 7, 2026**

Kevin Combs ("Combs") appeals pro se[1] from the order entered by the

Lackawanna County Court of Common Pleas ("trial court") granting the

---

[1]  After receiving legal representation at the preliminary hearing, Combs largely represented himself pro se before the trial court.  Orders entered by the trial court indicate that it appointed Attorney Robert Solfanelli as standby counsel on March 2, 2023, and on December 3, 2023, as counsel without limiting the scope of the representation.  On May 28, 2024, the trial court granted Attorney Solfanelli's motion to withdraw without appointing substitute counsel or determining whether Combs knowingly and voluntarily sought to proceed pro se.

Following the filing of the notice of appeal pro se, Attorney Solfanelli filed an application to withdraw with this Court; we denied it as moot and directed the trial court to appoint substitute counsel.  The trial court appointed Attorney Terrance McDonald, who then filed a counseled brief with this Court. Combs indicated his desire to proceed pro se in this case and for his direct appeal docketed in this Court at 963 MDA 2024, which was related to criminal charges in CP-35-CR-298-2023 ("23 CR 298"), which were pending around
*(Footnote Continued Next Page)*

Commonwealth's request to nolle prosequi his criminal charges. Because the trial court did not comply with Pennsylvania Rule of Criminal Procedure 585 or provide Combs with notice and an opportunity to be heard, pursuant to **Commonwealth v. Reinhart**, 353 A.2d 848 (Pa. 1976), and **Commonwealth v. Rega**, 856 A.2d 1242 (Pa. Super. 2004), we vacate the order and remand to the trial court for further proceedings.

The charges at issue stem from synthetic marijuana Scranton police officers James Petrucci ("Officer Petrucci") and Jason Hyler ("Officer Hyler") found in Combs' silver Mercedes Benz on September 8, 2022, after the officers pulled the vehicle over and searched it with Combs' consent. On October 13, 2022, the Commonwealth filed a criminal complaint charging Combs with possession of a controlled substance and possession of drug paraphernalia. **See** 35 P.S. § 780-113(a)(16), (32). These charges were held for trial at the preliminary hearing on February 7, 2023.[2]

---

the same time as the instant case. Following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), in 23 CR 298, wherein the trial court confirmed Combs' knowing and voluntary waiver of counsel in both appeals, we directed our prothonotary to strike the counseled brief filed by Attorney McDonald and to re-establish the briefing schedule.

[2] Combs' criminal charges at 23 CR 298 were also held for trial that day. Although the cases do not appear to be formally linked, they seem to have initially proceeded on a similar timeline, with some orders referencing both case numbers. Unlike the instant case, however, 23 CR 298 went to trial. On February 14, 2024, a jury found Combs not guilty of aggravated assault and guilty of fleeing or attempting to elude an officer, flight to avoid apprehension, recklessly endangering another person, and resisting arrest. On April 25,
*(Footnote Continued Next Page)*

The trial court originally scheduled trial for July 10, 2023, and set deadlines for pretrial proceedings. Trial Court Order, 4/21/2023, at 1 (original scheduling order). Combs filed five written motions seeking extensions of the deadline to file pretrial motions and/or to continue trial. ***See generally*** Combs' Motions, 6/1/2023, 7/10/2023, 7/26/2023, 8/31/2023, 10/23/2023. The trial court entered orders extending the deadlines and the trial date multiple times, either expressly granting a defense motion for extension or without explanation. ***See generally*** Trial Court Orders, 6/22/2023 (granting defense motion for continuance and imposing new deadlines and trial date); 8/3/2023 (imposing new deadlines following pretrial conference); 9/14/2023 (imposing new deadlines); 10/12/2023 (imposing new deadlines); 11/16/2023 (imposing new deadlines and trial date); 12/5/2023 (granting defense motion to continue and imposing new deadlines and trial date); 1/12/2024 (imposing new deadlines and trial date).

Combs filed a pro se omnibus pretrial motion on December 8, 2023. Nothing in the record indicates that the trial court ever ruled on this motion.[3]

---

2024, the trial court sentenced Combs to an aggregate term of 84 to 168 months of imprisonment.

[3] As noted above, Combs appears to have been represented by Attorney Solfanelli at the time he filed his pro se pretrial motion. ***See supra***, note 1. Hybrid representation is not permitted in this Commonwealth and, except for a notice of appeal, pro se filings after appointment of counsel are legal nullities. ***See*** Pa.R.Crim.P. 576(A)(4); ***Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011); ***Commonwealth v. Williams***, 151 A.3d 621, 623
*(Footnote Continued Next Page)*

The record is also unclear as to why the trial did not proceed as scheduled on January 21, 2024, as there are no further continuance or case management orders.

According to the trial court, on April 4, 2024, Combs pro se filed a writ of mandamus to the Pennsylvania Supreme Court, claiming that the instant case had not been brought to trial within one year.[4]  Trial Court Opinion, 6/20/2024, at 1 (numbering supplied).  After inquiring about the status of this case at the sentencing hearing in 23 CR 298, and apparently obtaining an unknown agreement from unnamed counsel,[5] the trial court states that it scheduled a status conference for May 7, 2024.  *Id.*  On May 7, the trial court maintains that it scheduled a hearing on the still-pending pro se omnibus motion for May 14, 2024.  *Id.*  Nevertheless, the very next day, the trial court entered the nolle prosequi order at issue in this case, which provides as follows:

_____

(Pa. Super. 2016).  Nothing on the docket indicates that the trial court forwarded the motion to Attorney Solfanelli as Rule 576(a)(4) requires.

[4]  This writ does not appear in the certified record.

[5]  The opinion states that "[c]ounsel agreed," but it neither specifies which counsel nor to what unnamed counsel agreed.  Trial Court Opinion, 6/20/2024, at 1.  It is possible that the trial court was referring to Attorney Solfanelli, as this event occurred after the court appears to have changed the scope of his representation.  *See* Trial Court Order, 12/3/2023, at 1; *see also* Motion to Withdraw, 6/5/2024, ¶ 10 (Attorney Solfanelli's averment to this Court without further elaboration that he "convinced the Commonwealth to decline prosecution on this case").

- 4 -

> AND NOW 8th day of May, 2024, upon motion by the Commonwealth based upon the prosecutorial discretion of [Deputy District Attorney Gene P. Riccardo], and [Combs'] conviction and sentence on 23 CR 298, it is hereby ORDERED and DECREED that the above captioned case against [Combs] is NOLLE PROSSED.

Trial Court Order, 5/8/2024, at 1.

Combs timely filed a pro se notice of appeal. Both Combs and the trial court complied with Pa.R.A.P. 1925. On appeal, Combs raises two issues. We address only the first as it is self-explanatory and dispositive of this matter:

> Whether the trial court abused its discretion in granting the Commonwealth's motion for nolle prosequi when the motion was not filed of record and the court failed to address the motion in open court or provide Combs with notice and an opportunity to be heard on its merits, including a valid claim of the right to a speedy and public trial?

Combs' Brief at 2-3 (cleaned up); *see also id.* at 13-16, 23-24. [6, 7]

We review a grant of nolle prosequi for an abuse of discretion. *Rega*, 856 A.2d at 1244. "A nolle prosequi is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at

---

[6] Combs maintains in his second issue that the trial court erred and abused its discretion by granting the Commonwealth's motion for nolle prosequi to avoid deciding Combs' argument in his omnibus motion that arresting officer James Petrucci perpetrated a fraud upon the court by falsely representing in his affidavit of probable cause that he discovered the drugs and paraphernalia on the front passenger side of the Mercedes Benz driven by Combs, despite body camera footage showing the discovery of drugs and paraphernalia in a female's pocketbook. Combs' Brief at 2-3.

[7] Combs filed his brief several weeks late, but the Commonwealth has not sought dismissal or alleged any prejudice. *See* Pa.Rs.A.P. 2185, 2188.

any time in the future within the statute of limitations can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information." ***Commonwealth v. Harrison***, 355 A.3d 826, 830 (Pa. 2026) (cleaned up). "Since a nolle prosequi acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information." ***Commonwealth v. Ahearn***, 670 A.2d 133, 135 (Pa. 1996).

A prosecutor must obtain judicial approval of a request to nolle prosequi a pending criminal proceeding. ***See Harrison***, 355 A.3d at 845 (citing 42 Pa.C.S. § 8932; Pa.R.Crim.P. 585(A)). "Upon motion of ... the Commonwealth, the court may, **in open court**, order a nolle prosequi of one or more charges notwithstanding the objection of any person." Pa.R.Crim.P. 585(A) (emphasis added). A defendant "must be given notice and an opportunity to oppose any Commonwealth motion for nolle prosequi" in open court. ***Rega***, 856 A.2d at 1247. In evaluating the nolle prosequi request, a court should consider: (1) whether the Commonwealth has valid and reasonable reasons for the request and (2) whether the defendant has a valid speedy trial claim. ***Reinhart***, 353 A.2d at 853; ***Harrison***, 355 A.3d at 845-48. The court cannot "intuit or infer" the Commonwealth's reasons. ***Rega***, 856 A.2d at 1245. It must make its decision, by a preponderance of the evidence, based upon the specific legal and factual reasons presented by the Commonwealth. ***Harrison***, 355 A.3d at 847-48. The trial court is not bound to accept the Commonwealth's legal rationale or the rationale of any opposing

party, and it must make findings regarding any disputed matters of material fact. *Id.* at 846.

Although the nolle prosequi order references a Commonwealth motion, no motion appears in the certified record. It alludes to 23 CR 298, Combs' other criminal case, but does not make any connection between that case and the instant matter, render specific findings regarding the reason(s) presented by the Commonwealth, or evaluate the validity and reasonableness of its reason(s). Further, despite its entry 573 days after the Commonwealth filed its complaint, the order makes no findings regarding the validity of a speedy trial claim. Most significantly, the record does contain any on-the-record hearing or notice to Combs, leading us to conclude that Combs had no opportunity to be heard.

The trial court concedes error inasmuch as it did not decide the motion in open court or permit Combs to argue the merits, and requests that we remand the case for further proceedings. Trial Court Opinion, 6/20/2024, at 4. The Commonwealth likewise agrees that Combs was entitled to notice and an opportunity to be heard, which he did not receive. *See* Commonwealth's Brief at 2-6.

The essential requisites of procedural due process are notice and opportunity to be heard. *Commonwealth v. Goodco Mech., Inc.*, 291 A.3d 378, 404 (Pa. Super. 2023). Because the law requires the trial court to entertain the motion in open court and hear argument from all parties, and

Combs did not receive the process to which he was due, the trial court erred by entering the order under these circumstances and we must vacate it. *See* Pa.R.Crim.P. 585; ***Reinhart***, 353 A.2d at 851-52; ***Rega***, 856 A.2d at 1247. We therefore remand to the trial court for further proceedings consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/7/2026